IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Jamel Alexandrette, #321631,    )  Civil Action No.:2:12-03304-DCN-BHH
    )
                Petitioner,  )
    )  **<u>REPORT AND RECOMMENDATION</u>**
        v.    )  **<u>OF MAGISTRATE JUDGE</u>**
    )
Joseph McFadden, *Warden*,  )
    )
             Respondent.  )

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment (Dkt. No. 24; Dkt. No. 25); Petitioner's Motion to Expand the Record (Dkt. No. 49); and Petitioner's Motion for an Evidentiary Hearing (Dkt. No. 50).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on November 13, 2012. (<u>See</u> Dkt. No. 1.) Shortly thereafter, Petitioner filed a Motion to Stay. (Dkt. No. 7.) On May 21, 2013, Respondent moved for summary judgment. (Dkt. No. 24; <u>see also</u> Dkt. No. 25.) By order filed May 22, 2013, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 26.) On or about May 30, 2013, Petitioner filed a Motion "to Expand the Record." (Dkt. No. 31.) On or about July 1, 2013, Petitioner filed a Motion to Amend his habeas petition. (Dkt. No. 36.)

On August 2, 2013, the undersigned issued an Order granting Petitioner's Motion to Amend. (<u>See</u> Dkt. No. 40; Dkt. No. 36.) In that same Order, the undersigned denied Petitioner's Motion to Expand the Record as premature, and granted the Petitioner's Motion to Stay. (<u>See</u> Dkt. No. 40.) The Order further indicated that within ten days of the conclusion

of the second post-conviction relief ("PCR") action, "the parties should so notify the Court and move to lift the stay." (Dkt. No. 40 at 7.)

On or about December 16, 2013, Petitioner filed a Motion to Lift Stay, indicating that the second PCR action was concluded. (Dkt. No. 43.) On January 8, 2014, the undersigned issued an Order granting Petitioner's Motion to Lift the Stay, and giving Petitioner until February 7, 2014, to file a response to the Motion for Summary Judgment. (See Dkt. No. 45.)

On or about January 22, 2014, Petitioner filed a Motion to Expand the Record as well as a Motion for Evidentiary Hearing. (Dkt. No. 49; Dkt. No. 50.) On or about February 4, 2014, Petitioner filed his Response in Opposition to the Motion for Summary Judgment. (Dkt. No. 51.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at Lieber Correctional Institution ("LCI" or "Lieber") of the South Carolina Department of Corrections ("SCDC"). In October of 2006, the Williamsburg County Grand Jury indicted Petitioner on charges of murder and possession of a weapon during a violent crime. (R. at 3, 97; see also Dkt. No. 25-8 at 16-17 of 19.) Public Defender Legrand Carraway, Esquire, was appointed to represent Petitioner. (R. at 1.) On April 30, 2007, the parties to the criminal proceeding selected a jury before the Honorable R. Ferrell Cothran, Jr. (R. at 1-19.) On May 1, 2007, Petitioner pled guilty to murder before Judge Cothran; the State dismissed the charge of possession of a weapon during a violent crime. (See R. at 19-41.) Mr. Carraway appeared at that hearing on behalf of Petitioner. (See R. at 19-20.) After accepting the plea, Judge Cothran sentenced Petitioner to thirty years of imprisonment. (See R. at 40.)

Petitioner did not file a direct appeal, but he did file an application for post-conviction relief ("PCR") on or about February 26, 2008. (R. at 42-51.) Along with his PCR application,

2

Petitioner filed a document entitled "Notice and Motion to Withdraw Guilty Plea." (See R. at 52-60.) In his PCR application, the following questions and answers appeared:

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
> Ineffective assistance of counsel prev[e]nt applicant from entering a knowing and voluntary plea. Breach of attorney client privilege[].
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
> [F]ail to advise me of a possible defense, such as self defense. [F]ailure to inform me of a lesser offence, and failure to protect attorney client privilege[].

(R. at 44.) In his "Notice of Motion and Motion to Withdraw Guilty Plea," Petitioner alleged as follows:

> 1. Applicant contends that his guilty plea was involuntary and unintelligent made because counsel and the state agents such as the prosecutor, and the investigator for the state used coercive tactics to induce the guilty plea.
>
> 2. Applicant contends that his plea is involuntary and unintelligent because counsel failed to advise me of the law in relation to the facts and the many defenses available, and the free choice was mind [sic] to make.
>
> 3. Counsel was ineffective for failing to suppress statement made at the police station in violation of Miranda and counsel failed to file a direct appeal after being instructed to file a direct appeal.

(R. at 53.)

On October 26, 2010, an evidentiary hearing was held before the Honorable W. Jeffrey Young. (R. at 67-90.) Petitioner was present and represented by Charles T. Brooks, III, Esquire. (See R. at 69.) In an order dated January 25, 2011, Judge Young denied the application for post-conviction relief and dismissed the petition. (R. at 91-96.)

On September 12, 2011, Wanda H. Carter, Esquire, of the South Carolina Commission on Indigent Defense, filed a Petition for Writ of Certiorari. (Dkt. No. 25-4.) Therein Petitioner raised the following issue:

3

> Trial counsel erred in advising petitioner that he was "on his own" with respect to matters of defense because this meant that the state's case was not subjected to any true adversarial testing.

(Dkt. No. 25-4 at 2 of 8.)

In an Order dated September 6, 2012, the Supreme Court of South Carolina issued an order denying the petition for writ of certiorari. (Dkt. No. 25-6.) The remittitur was issued on September 25, 2012. (Dkt. No. 25-7.)

On or about October 5, 2012, Petitioner filed a second PCR application. (See Dkt. No. 25-8.) The following questions and answers appeared on that application (verbatim):

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
> (a) Plea was involuntary made which violates Due Process
> (b) Trial Court lacked jurisdiction
> (c) Counsel was ineffective by failing to suppress statements
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
> (a) Counsel failed to protect attorney client privileges
> (b) The State's procedure render the indictment void
> (c) Statement made in violation of Miranda

(Dkt. No. 25-8 at 3 of 19.) The following allegations also appear in his second PCR application (verbatim):

> 1. Applicant's plea of guilty was not voluntary and knowingly made in violation of the Due Process Clause.
>
> 2. Counsel was ineffective by failing to request a hearing on the indictment, to see if the indictment was founded on an invalid proceeding rendering the indictment void and the trial court without jurisdiction.
>
> 3. Counsel failed to conduct a Jackson Denno hearing to determine if Applicant's rights were violated.

(Dkt. No. 25-8 at 8 of 19.)

4

While his second PCR action was pending in state court, Petitioner filed the instant habeas petition on or about November 13, 2012. (Dkt. No. 1.) In his § 2254 petition, Alexandrette raised the following grounds for review:

> **GROUND ONE**: Petitioner was denied effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments and was prejudiced.
>
> **Supporting facts:** Trial counsel erred in advising Petitioner that he was "on his own" with respect to matters of defense because this meant that the state's case was not subjected to true adversarial testing.

(Dkt. No. 1 at 5 of 15.) Via Petitioner's Motion to Amend, which was granted on August 2, 2013, Petitioner's habeas petition also includes the following claims:

> A1. Petitioner was denied the effective assistance of counsel as a result of trial counsel's failure to timely challenge the indictment.
>
> A2. Petitioner was denied the effective assistance of counsel as a result of trial counsel abandoning Petitioner at a constitutionally guaranteed stage of protection.
>
> A3. Petitioner was denied effective assistance of counsel when trial counsel failed to mount a viable defense.
>
> A4. Petitioner was denied the effective assistance of PCR counsel when PCR counsel failed to amend the PCR application to incorporate, present, and preserve for appellate review fundamental constitutional errors set forth in Grounds A1, A2, and A3, above.

(See Dkt. No. 36; Dkt. No. 40.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the

5

nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## DISCUSSION

I. Motion for Summary Judgment (Dkt. No. 24) & Motion to Expand Record (Dkt. No. 49)

Respondent seeks summary judgment on all of Petitioner's grounds for relief. (See Dkt. No. 25; Dkt. No. 25; see also Dkt. No. 44 at 3-5 of 6.) The undersigned will address Petitioner's grounds in turn.

### A.    Ground One

In his Petition, Alexandrette claims trial counsel was ineffective in "advising Petitioner that he was 'on his own' with respect to matters of defense because this meant that the state's case was not subjected to true adversarial testing." (Dkt. No. 1 at 5 of 15.)

Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review

7

is doubly" deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788.

The two-part test enunciated in Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hilll v. Lockhart, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in Strickland], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The PCR court rejected the claim set forth in Ground One as follows:

> At PCR hearing, Applicant testified that he felt forced to plead because his attorney told him that he would not likely be acquitted at trial. Applicant testified that he was just saying "yes, yes, yes" to all questions asked during the plea. Applicant also said that he lied to Judge Cothran during his plea but that he was telling the truth at PCR hearing.
> Counsel testified that he and Applicant went through the facts of the case. They discussed potential lesser-included offenses of murder. Counsel said that they talked about going to trial and summarized the evidence against Applicant. (See also Tr. p. 23, line 15 – p. 26, line 20.) Counsel testified that he met with the State's witnesses at the solicitor's office and told Applicant about these meetings. Counsel recalled speaking to Applicant several times at the jail. Counsel reported that Applicant maintained that he had only intended to talk with the victim when he arrived at the grocery store. While Applicant said that he got the gun from the victim, the witnesses to the shooting would testify that Applicant had the gun on his person. Counsel tried to negotiate a plea to voluntary manslaughter, but the solicitor would not agree to the plea. Counsel denied Applicant's claim that Counsel told Applicant that he was "on his own" at trial.
> The plea transcript reflects that Applicant entered his plea after jury selection. Applicant stated that he was satisfied with his attorney. (Tr. p. 20, lines 2-10.) Applicant was informed of the potential sentence of life imprisonment, and Applicant denied any threats or promises had been made. (Tr. p. 21, lines 4-17.) Applicant acknowledged understanding his right to remain silent and his right to a jury trial. (Tr. p. 21, line 18 – p. 22, line 10.) Applicant admitted his guilt, affirming that the facts stated by the solicitor were correct. (Tr. p. 23, line 15 – p. 26, line 20.)
> I find that counsel's performance was not deficient under these circumstances. Applicant had candidly admitted his guilt and freely sought to pursue an advantageous plea offer that would minimize his sentence

exposure. I further find that Applicant has failed to produce any credible evidence that would have affected his decision to plead guilty. See Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) (no prejudice where claim of failure to investigate is supported by only mere speculation as to the result). For these reasons, I find that counsel was not ineffective with regard to his investigation.

(R. at 94-95.)

The undersigned recommends granting summary judgment to Respondent on Ground One. The PCR court found that Petitioner "failed to produce any credible evidence that would have affected his decision to plead guilty." (R. at 95.) Such a factual finding on credibility is presumed to be correct; Petitioner has the "burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). Furthermore, as noted above, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788. In the instant case, clearly such a reasonable argument exists. As noted by the PCR court, plea counsel "denied Applicant's claim that Counsel told Applicant that he was 'on his own' at trial. (R. at 94.) In addition, as the PCR court noted, Petitioner indicated at the plea hearing that he was satisfied with his attorney. (R. at 94, 21.) Petitioner also stated that he was pleading guilty freely and voluntarily, that he understood the judge could sentence him to life in prison, and that he was giving up his right to a trial. (R. at 22-23.) Petitioner agreed that the facts as stated by the solicitor were correct, and agreed that Petitioner "went to the store that day and shot" the victim. (R. at 26-27.) Petitioner has not shown that the state court's rejection of the claim set forth in Ground One was contrary to, or an unreasonable application of, clearly established federal law, nor has Petitioner shown the state court's decision was

9

based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. The undersigned therefore recommends granting summary judgment to Respondent on Ground One.

**B.    Remaining Grounds for Relief**

As noted above, Petitioner amended his § 2254 petition; his amended allegations are as follows:

A1. Petitioner was denied the effective assistance of counsel as a result of trial counsel's failure to timely challenge the indictment.

A2. Petitioner was denied the effective assistance of counsel as a result of trial counsel abandoning Petitioner at a constitutionally guaranteed stage of protection.

A3. Petitioner was denied effective assistance of counsel when trial counsel failed to mount a viable defense.

A4. Petitioner was denied the effective assistance of PCR counsel when PCR counsel failed to amend the PCR application to incorporate, present, and preserve for appellate review fundamental constitutional errors set forth in Grounds A1, A2, and A3, above.

(See Dkt. No. 36; Dkt. No. 40.)

Respondent contends he is entitled to summary judgment on these grounds for relief because these grounds are procedurally barred. (See Dkt. No. 44 at 3-5 of 6.) In his Response in Opposition, Petitioner "submits that based on PCR counsel's (Brooks) errors, any procedural default of the amended . . . claims are overcome by Martinez. . ." (Dkt. No. 51 at 22 of 31.)

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008)

10

(quoting <u>McCarver v. Lee</u>, 221 F.3d 583, 588 (4th Cir. 2000)); <u>see also Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).[1] Although Petitioner filed a second PCR action, the state court dismissed that action as successive, barred by the statute of limitations, and barred under the doctrine of *res judicata*. (<u>See</u> Dkt. No. 44-1.)

Pursuant to <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1315 (2012), "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." However, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." <u>Martinez</u>, 132 S. Ct. at 1318 (citing <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003)); <u>see also Trevino v. Thaler</u>, 133 S. Ct. 1911, 1918 (2013). If the ineffective assistance of trial counsel claim "does not have any merit or . . . is wholly without factual support," the procedural default precludes federal habeas review. <u>Martinez</u>, 132 S. Ct. at 1319.

To establish that PCR Counsel provided ineffective assistance of counsel, Petitioner must show that: (1) his counsel's performance "fell below an objective standard of reasonableness"; and (2) he was prejudiced by his counsel's deficient performance. <u>Strickland</u>, 466 U.S. at 687-88. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id</u>. at 689. To establish prejudice, Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694. Thus, "the Court must conclude that the ineffective-assistance-of-trial-counsel claim would

---

[1] In the alternative for showing cause and prejudice, a petitioner must demonstrate a miscarriage of justice, e.g., actual innocence. <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998). Petitioner has not shown–or even argued–that he is actually innocent of the at-issue crimes. <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).

have won Petitioner a new trial at the state court level." Martinez v. Schriro, No. CV 08–785–PHX–JAT, 2012 WL 5936566, at *2 (D. Ariz. Nov. 27, 2012); see also Preyor v. Stephens, 537 Fed. App'x 412, 421 (5th Cir. 2013) ("To establish ineffective assistance of his initial state habeas counsel, [Petitioner] must show both that habeas counsel's performance ... was deficient and that he was prejudiced by the deficient performance—that is, there is a reasonable probability that he would have been granted state habeas relief had the claims been presented in the first state habeas application."); Foley v. White, No. 6:00–CV–552–DCR–REW, 2012 WL 6965070, at *9 (E.D. Ky. Nov. 15, 2012) (quoting Leavitt v. Arave, No. 1:93–cv–0024–BLW, 2012 WL 1995091, at *10 (D. Idaho June 1, 2012)) ("In the context of Martinez, a demonstration of prejudice would require [Petitioner] to show that, but for post-conviction counsel's errors, there is a reasonable probability he 'would have received relief on a claim of ineffective assistance of trial counsel in state court.'"), adopted by 2013 WL 375185 (E.D. Ky. Jan. 30, 2013); Horonzy v. Smith, No. 1:11–cv–00235–EJL, 2012 WL 4017927, at *6 (D. Idaho Sept. 12, 2012) ("The application of the Strickland test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one.").

1. Ground A1: Failure to Challenge the Indictment

With regard to Petitioner's claim that trial counsel was ineffective for failing to challenge the indictment, Petitioner has not met the standard set forth in Martinez to overcome the procedural default. In his Motion to Expand the Record, Petitioner states that he seeks leave to expand the record to include the "September-October 2006 Williamsburg County Grand Jury Calendar." (Dkt. No. 49 at 1 of 3.) But Petitioner does not attach this

calendar to his Motion to Expand the Record; instead he contends that "Rule 7 was unaffected by the enactment of AEDPA [and] thus, complete discretion to obtain and/or encompass the documents listed is vested in this Honorable Court." (Dkt. No. 49 at 1 of 3.) In <u>Fielder v. Stevenson</u>, No. 2:12-cv-412-JMC, 2013 WL 593657 (D.S.C. Feb. 14, 2013), Judge Childs thoroughly examined a request to expand the record. As noted in her order, Rule 7 of the Rules Governing Section 2254 Cases "authorizes a federal habeas court to expand the record to include additional material relevant to the petition in some situations." <u>Fielder</u>, 2013 WL 593657, at *2. She noted that although § 2254(e)(2) "sets limits on a petitioner's ability to expand the record in a federal habeas proceeding[,] . . . . courts have held that § 2254(e)(2) does not . . . constrain the court's discretion to expand the record to establish cause and prejudice to excuse a petitioner's procedural defaults." <u>Id.</u> at *3 (citing <u>Cristin v. Brennan</u>, 281 F.3d 404, 416 (3d Cir. 2002); <u>Buckman v. Hall</u>, 2009 WL 204403 (D. Or. Jan. 23, 2009)). Judge Childs stated,

> [T]he court retains its discretion to expand the record to allow a petitioner to establish cause and prejudice to excuse a petitioner's procedural defaults. <u>See Cristin</u>, 281 F.3d at 414 (3d Cir.2002). In determining whether to expand the record, a federal court must consider whether doing so "would enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>See Schriro v. Landrigan</u>, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (discussing evidentiary hearings under § 2254).

<u>Fielder</u>, 2013 WL 593657, at *3.

The problem with Petitioner's request is multi-faceted. First, Petitioner has not attached the document he seeks to have included in the § 2254 record; instead he asserts that this Court should retrieve the document on his behalf. (<u>See</u> Dkt. No. 49.) Furthermore, Petitioner states in his Motion to Expand the Record,

> Petitioner filed his § 2254 motion with detailed facts concerning his claim that defense counsel, Legrand Carraway, provided ineffective assistance of counsel where he failed to investigate and obtain the above-listed document

13

> [(the September-October 2006 Williamsburg County Grand Jury Calendar)]
> to verify the Petitioner was improperly indicted . . . .

(Dkt. No. 49 at 1 of 3.) It is clear from Petitioner's filing that he does not seek to expand the record *only* to establish cause and prejudice for the procedural default; he seeks to expand the record to bolster the claim that trial counsel was ineffective for failing to challenge the indictment. As set forth in <u>Fielder</u>, such action would be improper, and his Motion to Expand the Record (Dkt. No. 40) should be denied.

Petitioner has not shown that the instant ineffective assistance of counsel claim was a "substantial" one, nor has he shown that PCR counsel was ineffective for failing to raise the claim set forth in Ground A1. Accordingly, the undersigned recommends granting summary judgment to Respondent on Ground A1, as the claim is procedurally barred.

## 2. Ground A2: Abandoning Petitioner

Petitioner asserts in Ground A2 that trial counsel was ineffective in "abandoning Petitioner at a constitutionally guaranteed stage of protection." (Dkt. No. 36 at 2 of 3.) Petitioner states, "Petitioner was denied trial counsel when trial counsel failed to protect the integrity and sanctity of the attorney-client privilege in allowing agents of the state to be present during confidential discussions between counsel and Petitioner, which resulted in said agents' presence coercing Petitioner to plead guilty." (<u>Id</u>.)

To the extent Petitioner asserts that counsel "abandoned" him, such an allegation is very similar to the allegation in Ground One, discussed above, that counsel was ineffective for telling Petitioner that he was "own his own" with respect to matters of defense; relief on such an allegation should be denied for the reasons set forth above. To the extent Petitioner complains that trial counsel was ineffective for "allowing agents of the state to be present during confidential discussions between counsel and Petitioner," the undersigned recommends concluding such a claim is defaulted. Petitioner has not met his

14

burden to show that PCR counsel was ineffective for failing to raise such a claim. Further, Petitioner has not identified what confidential statements, if any, were disclosed to the state, or how such disclosure coerced him to plead guilty. Petitioner has not shown PCR counsel was ineffective in failing to raise such a claim, in light of its speculative and vague nature, nor has Petitioner shown the ineffective assistance of trial counsel claim is a substantial one. See Rule 2(c) of the Rules Governing Section 2254 and 2255 Cases (habeas petition must "state the facts supporting each ground"); see also Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogated on other grounds by Yeatts v. Angelone, 166 F.3d 255 (4th Cir.1999); see also Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir.1987) (stating that "a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim" and conclusory statements are insufficient). The undersigned recommends concluding Ground A2 is procedurally defaulted and granting summary judgment to Respondent on Ground A2.

3. Ground A3: Counsel Failed to Pursue Theory of Self Defense

In Ground A3, Petitioner alleges that he was denied effective assistance of counsel because counsel "failed to mount a viable defense." Petitioner contends that trial counsel "failed to prepare and utilize a viable and credible self-defense based on available testimony of the only eyewitness, which would have changed the outcome of the proceedings and Petitioner would not have pled guilty." (Dkt. No. 36 at 2 of 3.) Again, the claim set forth in Ground A3 is barred unless Petitioner can show cause and prejudice for the default. It appears that Petitioner contends that trial counsel was ineffective for failing "to advise Petitioner of his affirmative defense of self-defense, and that [Petitioner] could request a self-defense instruction prior to inducing Petitioner's guilty plea, which renders the plea involuntary and unintelligent." (Dkt. No. 51 at 28.)

15

The PCR court did not address the instant claim because it does not appear the specific issue was raised to the PCR court. Petitioner did not testify at the PCR hearing about counsel's failure to advise Petitioner on self-defense, but trial counsel did testify as follows:

Q. So there was no self-defense or anything like that there that was in your mind?

A. Not from what the witnesses were going to say; that's it. Not–not that would have given him a legal justification to shoot this guy five times.

(R. at 87.) Trial counsel testified that Petitioner stated he "just went up there to talk to" the victim; counsel stated that "it may have started out that way," but "it unfortunately didn't end up that way." (R. at 84.) Counsel testified as follows:

And I talked to Mr. Alexandrette. We talked about this many, many times. He is a good fellow, but his wife calling indicating to him that somebody was peeping into this house is what caused this whole thing or whatever here.
. . . .
But, anyway, she called him. He goes. When he gets back, he goes to Bud's Southside Grocery.
And their story would have been that they had two witnesses there that were going to say that he went up to this fellow, punched this guy. The guy got up and punched him back. And he pulled out a gun and shot him five times is what happened.
They claim that the fatal shot–

Q. That's what the State's case is?

A. That's what the State's case was.

Q. And did the autopsy bear out five shots?

A. Either four or five shots.

Q. Okay.

A. Their story was this that made it even worse. They were going to say that the fatal shot was to the back. They're going to say that he shot him either once or twice. And after the guy was on the ground lying on his stomach, that he then walked up and shot him three more times.

16

> Our point was from what we had heard here, was this was either the first or second shot to the back or whatever, that he didn't–that's what their contention was and they–they had two witnesses that were prepared to testify that he was lying there, and he was moving or whatever, and then that he walked up to him and shot him three more times, one being in the back–is what they were going to testify to.
>
> His whole deal was, what he's always told–what he'd always stated was, I just went crazy and started firing; that's what he had said.

(R. at 82-83.)

Although the PCR court did not address the claim that counsel was ineffective for failing to pursue the theory of self-defense, the PCR judge had trial counsel's testimony before him and found "that Applicant . . . failed to produce any credible evidence that would have affected his decision to plead guilty." (R. at 95.) As noted above, such a credibility determination is presumed to be correct, and Petitioner has the "burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). Given this determination, Petitioner has not shown that he was prejudiced by PCR counsel's failure to raise a claim that trial counsel was ineffective for failing to pursue a self-defense theory. Petitioner asserts that the PCR court "ignored the facts that, if true, entitled Petitioner to relief . . . ." (Dkt. No. 51 at 5 of 31.) Of course, the state court's factual findings are "presumed to be correct"; Petitioner "ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner's contention that the PCR court "ignored facts that, if true, entitled Petitioner to relief" does not rebut the PCR court's finding by clear and convincing evidence, as the record supports the PCR judge's finding. Cf. Crawford v. McCall, Civ. A. No. 2:12-cv-2795-RMG, 2013 WL 4020278, at *3 (D.S.C. Aug. 6, 2013) ("At best, it suggests that the PCR court had before it two witnesses whose credibility was questionable,

to varying degrees, and that the PCR court made a determination to credit the testimony of plea counsel. Though Petitioner disagrees with the PCR court's finding, he has not demonstrated that the PCR court's credibility judgments represent a 'stark and clear' error."). In light of this finding by the PCR court, Petitioner fails to show that PCR counsel was ineffective for failing to raise this ineffective assistance of counsel claim, as Petitioner cannot show prejudice. Accordingly, the undersigned recommends granting summary judgment to Respondent on Ground A3, as it is procedurally barred.

4. Ground A4: Ineffective Assistance of PCR Counsel

In Ground A4, Petitioner contends that he "was denied the effective assistance of PCR counsel when PCR counsel failed to amend the PCR application to incorporate, present, and preserve for appellate review fundamental constitutional errors set forth in Grounds A1, A2, and A2." (Dkt. No. 54 at 30 of 31.) Respondent is entitled to summary judgment on Ground A4 because alleged defects in state PCR proceedings are not cognizable in a federal habeas action. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors in state PCR proceedings are not cognizable on federal habeas review); see also 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

II. Motion for Evidentiary Hearing (Dkt. No. 50)

On or about January 22, 2014, Petitioner filed a Motion for an Evidentiary Hearing. (See Dkt. No. 50.) Petitioner seeks a hearing pursuant to Rule 8 of the rules governing § 2254 proceedings. (See Dkt. No. 50 at 1 of 3.) Petitioner states,

> In light of no state court record existing on the claims regarding ineffective assistance of counsel, as raised in the amended § 2254 petition; and in light of Rules 6 and 8 of the Rules Governing § 2254 Cases, this Honorable Court should appoint counsel to represent Petitioner to create a record, and schedule this matter for an evidentiary hearing.

(Id.)

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases, "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." The text of § 2254 restricts when a court may hold an evidentiary hearing and accept additional evidence. 28 U.S.C. § 2254(e)(2); see Fielder, 2013 WL 593657, at *3 ("Section 2254(e)(2) limits a petitioner's ability to present new evidence through a Rule 7 motion to expand the record to the same extent that it limits the availability of an evidentiary hearing." (citing Runningeagle v. Schriro, No. CV–98–1903–PHX–PGR, 2007 WL 4200743, at *26 (D. Ariz. Nov. 27, 2007))). "However, courts have held that § 2254(e)(2) does not similarly constrain the court's discretion to expand the record to establish cause and prejudice to excuse a petitioner's procedural defaults." Fielder, 2013 WL 593657, at *3 (citing Cristin v. Brennan, 281 F.3d 404, 416 (3d Cir.2002)). Thus, a court retains discretion to expand the record for purposes of determining whether to excuse a petitioner's procedural default, but § 2254(e)(2) dictates whether a court may expand the record for purposes of establishing the factual predicate of a ground for relief. See, e .g., Buckman v. Hall, No. CV 07–141–HU, 2009 WL 204403, at *1-2 (D. Or. Jan. 23, 2009).

Section 2254(e)(2) provides,

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–

(A) the claim relies on--
(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner is not entitled to an evidentiary hearing. Pursuant to section 2254(e)(2), the court "shall not" hold an evidentiary hearing unless the Petitioner "shows that" me meets the requirements of both subsections (A) and (B). See 28 U.S.C. § 2254(e)(2). Petitioner's ineffective assistance of counsel claims certainly do not meet the standard in subsection (A)(i), as those claims do not rely on a new rule of constitutional law but instead rely on Strickland v. Washington, 466 U.S. 668 (1984). Nor do these claims rely on "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). Petitioner has therefore not shown that these ineffective assistance of counsel claims meet the standard in § 2254(e)(2)(A). Furthermore, Petitioner has not shown that the "facts underlying the claim would be sufficient to establish by clear and convincing evidence that" but for the ineffective assistance of counsel, "no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). It is undisputed that Petitioner shot the victim, and that the victim died as a result of that wound. And as trial counsel discussed at the PCR hearing, a theory of self defense has numerous problems. Even under Petitioner's version of the events, Petitioner approached the victim and took the first "swing" at the victim. Trial counsel testified at the PCR hearing that the state had at least one witness who saw Petitioner pull out the gun and shoot the victim. (R. at 88.) In addition, trial counsel testified that the state had evidence that Petitioner shot the victim five times and that the fatal shot was in the back. (R. at 84-85.) Trial counsel testified,

> That's what his problem was. Five gunshots.
> These guys [(the state's witnesses)] were going to say [Petitioner] punched the victim first, then the victim punched him back. And then they got some distance and [Petitioner] pulled out a gun and shot him twice and then

20

> shot him three more times when he was on the ground–is what their people were going to say. And I think the autopsy showed four gunshots. . . .
>
> But the fatal shot, I think, was to the back or whatever. And the State was trying to say–their position was, he was already down. He was lying there. And whatever happened about being angry up to that point or whatever, then he walks back up and they claim that one of the last three shots was in the back and was the fatal shot; that's their theory or whatever and what the witnesses were going to say about him walking back up.

(R. at 84-85.) Although Petitioner disputes this evidence, the undersigned cannot say that "but for [the alleged] constitutional error, no reasonable factfinder would have found" Petitioner guilty of murder. The undersigned therefore recommends denying Petitioner's Motion for an Evidentiary Hearing (Dkt. No. 50).

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Petitioner's Motion to Expand the Record (Dkt. No. 49) and Motion for an Evidentiary Hearing (Dkt. No. 50) be DENIED. It is further RECOMMENDED that Respondent's Motion for Summary Judgment (Dkt. No. 24) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is also RECOMMENDED that a certificate of appealability be denied.[2]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 20, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2]A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).